UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. G.,<br><br>        Plaintiff,<br><br>    v.<br><br>BODUM USA, INC.,<br><br>        Defendant. | Case No. 19-cv-01069-JCS<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Docket No. 42 |

## I. INTRODUCTION

Plaintiff M.G. brings a Motion to Compel Further Responses from Bodum USA, Inc. re Requests For Production of Documents, Set One ("Motion"). In the Motion, Plaintiff asks the Court to compel Defendant Bodum USA, Inc. ("Bodum USA") to provide additional documents and information from parent company Bodum Holding AG ("Bodum AG"), based in Switzerland, and a subsidiary of Bodum AG, Bodum (Portuguesa) S.A. ("Bodum Portuguesa"), based in Portugal. The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED.[1]

## II. BACKGROUND

This products liability action arises out of an incident in which M.G., a minor, was severely burned when the glass carafe of a French Press coffee maker ("French Press") distributed by Bodum USA broke as M.G. was attempting to make coffee. Bodum USA is the exclusive distributor of the French Press in North America. Wheeler Decl. ¶ 4. The French Press is designed and manufactured by Bodum AG "or on its behalf by other Bodum-affiliated companies,

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

including" Bodum Portuguesa. *Id*. ¶ 5; *see also* Rose Decl., Ex. 4 (Responses to Special Interrogatories stating that the French Press was designed by Bodum Design Group, Lucerne Switzerland and produced by Bodum Portuguesa). Bodum USA is an indirect subsidiary of Bodum AG and an affiliate of Bodum Portuguesa. Wheeler Decl. ¶ 5 & Rose Decl., Ex. 9 (Bodum Corporate Entities Chart).

Since relatively early on in this case, Bodum USA has represented to Plaintiff and the Court that it does not have documents relating to the design and manufacture of the French Press and that such documents are in the possession, custody and control of Bodum AG. Wheeler Decl. ¶ 23 (stating that at the May 31, 2019 Case Management Conference, counsel for Bodum USA informed the Court that it did not have documents relating to the design and manufacture of the French Press and that these documents were in the possession of its parent company, Bodum AG.).

On June 19, 2019, Plaintiff served her first set of interrogatories and requests for production on Bodum USA. Wheeler Decl. ¶ 25; *see also* Rose Decl., Ex. 1 (Request for Production of Documents, Set One ("RFP No. 1"); Ex. 2 (Special Interrogatories, Set One ("SROG No. 1"). On November 13, 2019, Bodum USA provided partial responses to RFP No. 1. Rose Decl., Ex. 3 (RFP No. 1 Responses). In its responses, it states that "it is the distributor of the [French Press] in North America [and] did not design or manufacture" the French Press. *Id*. at 3. It further states that it "responds to these Requests for Production based on the limited information within its possession, custody, or control . . . ." *Id*. Bodum USA also objected to RFP No. 1 to the extent that the requests "purport to require answers from, for, on behalf of, or relating to any person or entity" other than Bodum USA. *Id*. On January 29, 2020, Bodum USA served on Plaintiff responses to SROG No. 1 and additional documents in response to RFP No. 1. Rose Decl. ¶¶ 9-10 & Ex. 4 (SROG No. 1 Responses). In the SROG responses, Bodum USA again stated that it did not design or manufacture the French Press and that it objected to the interrogatories to the extent they purported to require answers from persons or entities other than Bodum USA. Rose Decl., Ex. 4 (SROG No. 1 Responses) at 3.

On January 30, 2020, Plaintiff deposed Bodum USA's Person Most qualified ("PMQ"),

Chief Financial Officer ("CFO") Kasper Himmelstrup. Rose Decl. ¶¶ 12-13 & Ex. 5 (Himmelstrup Dep.). Himmelstrup testified that Bodum AG is responsible for the design of the French Press, that assembly of the component parts is handled by Bodum Portuguesa, and that Bodum AG gives a third party in Germany, Duran Glass, the specifications for manufacturing the glass beaker used as a component part of the French Press. Rose Decl., Ex. 5 (Himmelstrup Dep.) at 43, 78-79, 81-83.

According to Himmelstrup, Bodum USA has one office, which employs seventeen people. *Id*. at 22. Those in sales report directly to Bodum A.G., while the other employees report to Himmelstrup. *Id*. at 22-23. Himmelstrup, in turn, reports to the CFO of the Bodum Group, in Switzerland. *Id*. Bodum, USA "report[s] back to Group Management" at Bodum AG on a weekly basis, conveying data relating to finance, sales, and logistics. *Id*. at 21–24. Further, when a customer registers a complaint through the company website, the e-mail gets routed to Bodum Portuguesa and then assigned back to the office in New York for handling if it involves Bodum services in North America. *Id.* at 218-219. Himmelstrup testified that he discussed this case with individuals at Bodum AG in connection with insurance reserves but that document production was handled by Bodum USA's lawyers. *Id*. at 49-50.

Although the parties have met and conferred, they have been unable to resolve their disputes with respect to Bodum USA's responses to Plaintiff's first set of requests for production and special interrogatories. Plaintiff asks the Court to Order that Bodum USA obtain additional information and documents from Bodum AG and Bodum Portuguesa in response to her requests for production and special interrogatories, arguing that responsive discovery materials in the possession of these Bodum entities are within Bodum USA's control. Specifically, Plaintiff asks the Court to order Bodum USA to provide supplemental responses to: 1) RFP No. 1, Request Nos. 2, 5, 6-14, 16-18, 20, 21, 27, 30, 32, 34, and 35; and 2) SROG No. 1, Special Interrogatory Nos. 5, 9. 10-14, 16, and 17.

**III. ANALYSIS**

**A. Legal Standards**

Rule 34 of the Federal Rules of Civil Procedure permits a party to serve on any other party

3

a request within the scope of Rule 26(b) for documents or electronically stored information that are in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). "'[C]ontrol is defined as the legal right to obtain documents upon demand.'" *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. 12-CV-2582 CW JSC, 2013 WL 1767960, at *1 (N.D. Cal. Apr. 15, 2013) (quoting *United States v. Int'l Union of Petrol. & Indus. Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)). "'The party seeking the documents bears the burden of demonstrating that the responding party exercises such control.'" *Id*. (quoting *Doe v. AT & T W. Disability Benefits Program*, No. 11–4603, 2012 WL 1669882, at *2 (N.D.Cal. May 14, 2012) (internal citation omitted)).

**B.     Discussion**

Plaintiff argues that Bodum USA has control over relevant documents in possession of Bodum AG and Bodum Portuguesa based on the "close nature" of the relationship between Bodum USA and these two entities. Motion at 23-24 (quoting *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 638 (D. Or. 2015)). In particular, Plaintiff points to the following connections between the entities: 1) both Bodum USA and Bodum Portuguesa are subsidiaries of Bodum AG; 2) all of Bodum USA's employees report to Bodum AG and Bodum USA sends finance, sales, and logistics information to Bodum AG on a weekly basis; 3) the French Press is assembled by Bodum Portuguesa, who ships the product directly from Portugal to a warehouse that Bodum USA controls in the U.S. for distribution purposes; 4) Bodum USA is Bodum AG's exclusive North American distributor; 5) When product complaints are made through the Bodum website, they are routed first to Bodum Portuguesa and then back to Bodum USA for handling; 6) Bodum AG is involved when Bodum USA is sued for personal injuries caused by the device. *Id*. at 24-25. Bodum USA does not challenge these facts but contends they merely describe a "fairly typical relationship between a distributor subsidiary, a manufacturing subsidiary, and their parent corporation" and do not establish a legal right to obtain the documents Plaintiff seeks. Opposition at 14. The Court agrees.

Consistent with the general rule, under Rule 34 "[a] subsidiary is required to produce documents from its parent company where the subsidiary has legal control over the documents."

*Sharma v. BMW of N. Am. LLC*, No. 13CV02274MMCKAW, 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016) (citing *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999)). On the other hand, "[a] 'practical ability to obtain the requested documents' from a related organization is not enough" where the related organization "'could legally—and without breaching any contract—[ ] refuse to turn over such documents.'" *Dugan v. Lloyds TSB Bank, PLC*, No. 2CV02549WHANJV, 2013 WL 4758055, at *2 (N.D. Cal. Sept. 4, 2013) (quoting *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-1108 (9th Cir. 1999)).

In *St. Jude*, the court found that a subsidiary could be compelled to produce documents and information in the possession of its parent corporation because officers of the parent corporation negotiated the employment contract that was the subject of the litigation on behalf of the subsidiary, thus acting as the subsidiary's agent with respect to the specific subject matter of that case. *See* 305 F.R.D. at 639 ("it is reasonable to infer that the persons associated with [the defendant's] European affiliates . . . who negotiated [the plaintiff's] hiring by [the defendant] were acting as agents for [the defendant], [which was the plaintiff's] actual new employer. This is sufficient indicia of effective control to require the European affiliates of [defendant] . . . to conduct a reasonable and diligent search for" responsive documents and information.); *see also Allen v. Woodford*, No. CVF051104OWWLJO, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007), modified on reconsideration, No. 1:05-CV-1104 OWW NEW, 2007 WL 9747771 (E.D. Cal. Mar. 16, 2007) ("'Control' may be established by the existence of a principal-agent relationship.").

In contrast, in *In re Citric Acid Litig.*, the Ninth Circuit held that a U.S. subsidiary could not force its parent corporation, based in Switzerland, to turn over documents in its possession because the two companies were "separate entities under the law" and there was "no contract giving [the subsidiary] the right to compel [the parent corporation] to furnish it with documents in [the parent company's] possession." 191 F.3d at 1107 (citing *Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (holding that international union lacked legal control over documents in the possession of local unions because they were separate entities and the contract governing the union relationship did not expressly give the international the right to obtain the records of local unions upon demand)); *see also Dugan v. Lloyds TSB Bank, PLC,*

No. 12CV02549WHANJV, 2013 WL 4758055, at *3 (N.D. Cal. Sept. 4, 2013) (holding that subsidiary did not have "control" over documents and information in possession of parent corporation because the parent and subsidiary were separate entities, even though there was evidence that the parent "provided documents and witnesses . . . to support [the subsidiary's] defense;" that the parent and subsidiary "share[d] the same internal legal group; that the two [had] the exact same ten-member Board of Directors; and that [the parent corporation] played a critical role in administering and profiting from the loans at issue" in the case).

Here, Plaintiff has not demonstrated that Bodum USA has a right to demand that either Bodum AG or Bodum Portuguesa furnish the requested discovery materials, either on the basis of contract or because these entities have acted as agents of Bodum USA. Rather, Bodum AG and Bodum Portuguesa are separate legal entities over which Bodum USA does not have "control" for the purposes of Rule 34.[2] The Court declines Plaintiff's invitation to read *St. Jude* to stand for the proposition that control may be established based on the "'close nature' in the actual corporate relationship" even where the subsidiary does not have a *legal* right to demand that the parent furnish the requested discovery materials. *See* 305 F.R.D. at 638 (citing *Japan Halon Co. v. Great Lakes Chem. Corp.*, 155 F.R.D. 626, 627 (N.D.Ind.1993)). Such a broad reading is inconsistent with the Ninth Circuit's holding in *In re Citric Acid. Litig.*, as numerous courts in this district have recognized. *See, e.g., Dugan*, 2013 WL 4758055, at *2 (declining "to adopt a broader definition of 'control' than the one articulated in *Citric Acid*" based on the parent-subsidiary relationship between the defendant and the entity in possession of the discovery); *Genentech, Inc. v. Trustees of the University of Penn.*, Case. No. 10-cv-2037 LHK (PSG), 2011 U.S. Dist. LEXIS 128526, *9–*10 (N.D. Cal. Nov. 7, 2011) (rejecting the plaintiff's reliance on a broad definition of "control" that did not "square" with the Ninth Circuit's holding in *In re Citric Acid Litig.* and holding that the plaintiff was not entitled to discovery in possession of non-defendant parent where there was no evidence that the subsidiary had the legal right to obtain those materials); *Hambrecht Wine Group, L.P. v. Millennium Imp. LLC*, Case No. 05-cv-4625 JW (HRL), 2006

---

[2] The Court notes that Plaintiff does not allege that Bodum USA has any of the requested documents or information in its custody or possession.

6

U.S. Dist. LEXIS 86279, *5 (N.D. Cal. Nov. 14, 2006) (denying motion to compel subsidiary to produce documents in possession of parent on the basis that while the plaintiff might be able to show that the parent had control over subsidiary's documents, it had not demonstrated that the subsidiary had that same "legal right" vis-a-vis the parent).

The Court also finds that Plaintiff's reliance on *Choice-Intersil Microsystems, Inc. v. Agere Sys., Inc.*, 224 F.R.D. 471 (N.D. Cal. 2004) is misplaced. In that case, the court ordered a subsidiary to produce discovery in the possession of its parent corporation because it found the subsidiary had "access and control" over the documents at issue. *Id*. at 472-473. Among other things, the court noted that the parent and the subsidiary shared databases "with a variety of documents and records." In contrast, there is no evidence here that Bodum USA has access to the materials that Plaintiff seeks here. Further, to the extent that *Choice-Intersil Microsystems, Inc.* could be read as holding that the subsidiary had control over the discovery materials at issue in that case, the Court declines to follow it as the court did not address the rule set forth in *In re Citrus Litig.* or explain the basis for its implicit conclusion that the subsidiary had a legal right to demand production of the materials that were sought in that case.

Because Plaintiff has not established that it has a legal right to require that either Bodum AG or Bodum Portuguesa furnish any documents or information that Plaintiff seeks, the Court concludes that she has not satisfied the requirement under Rule 34 of "possession, custody or control."[3]

**IV. CONCLUSION**

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 3, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

---

[3] Because Plaintiff has not demonstrated that Bodum USA has a legal right to demand the discovery materials she seeks, the Court need not reach the question of whether Swiss law poses an additional obstacle to such discovery.

7